# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| HEATHER NOFSKER, | : | No. 3:16cv2151 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| NANCY A. BERRYHILL, | : | |
| Acting Commissioner of | : | |
| Social Security, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Magistrate Joseph F. Saporito, Jr.'s, report and recommendation ("R&R") which recommends denying Plaintiff Heather Nofsker's social security appeal. Plaintiff has objected to the R&R, and the matter is ripe for disposition.

**Background**

Plaintiff protectively filed for disability insurance benefits under Title II of the Social Security Act.[1] (R. at 19).[2] She indicated that beginning on February 24, 2012, she was disabled from working due to several ailments including:

---

[1] "Protective filing" is a term describing the first time an individual contacts the Social Security Administration to file a claim for benefits. See 20 C.F.R. § 416.340; see also Soc. Sec. Admin. Program Operations Manuel Sys., GN 00204.010. A protective filing date allows an individual to have an earlier application date than the date the application is actually signed. 20 C.F.R. § 416.340.

[2] References to "R. at __" are to pages of the administrative record filed by the Defendant as part of her answer on January 25, 2017. (Doc. 12).

diabetes, depression, anxiety, stomach issues/problems, back/lower back problems, status post back surgery, back pain, leg pain, and insomnia. (R. at 19, 208).

On November 14, 2013, plaintiff's claims were initially denied, and she filed a request for an administrative hearing. Thus, she appeared and testified before Administrative Law Judge ("ALJ") Therese A. Hardiman on January 20, 2015 in Wilkes-Barre, PA. She was represented by counsel at the hearing and throughout the proceeding. An impartial vocation expert, ("VE"), Karen Kane, also testified at the hearing. At the time of the hearing plaintiff was 40 years of age and lived in Mahanoy City, Pennsylvania.

The ALJ denied the application for benefits in a written opinion on April 14, 2015. Plaintiff sought review of her claims by the Appeals Council. (R. at 15). The Appeals Council denied her request, thus making the ALJ's decision the final decision of the Commissioner and rendering it subject to judicial review. (R. at 1).

Plaintiff then filed the instant complaint, which is an appeal of the denial of social security benefits. (Doc. 1). The Clerk of Court assigned the case to Magistrate Judge Joseph F. Saporito, Jr. for the issuance of an R&R. On March 31, 2018, Magistrate Judge Saporito issued an R&R in which he suggests denying plaintiff's appeal. Plaintiff has filed objections to the R&R. (Doc. 23).

The government has waived the opportunity to respond to the plaintiff's objections, (Doc. 24), bringing the case to its present posture.

**Jurisdiction**

The court has federal question jurisdiction over this Social Security Administration appeal. See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business....").

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. §

636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

In reviewing a Social Security appeal, the court must determine whether "substantial evidence" supports the ALJ's decision. See 42 U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). The United States Supreme Court defines "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966). The Third Circuit Court of Appeals explains that "substantial evidence has been defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate.'" Hagans, 694 F.3d at 292 (quoting Plummer, 186 F.3d at 427).

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion. See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute its own conclusion for those of the fact-finder); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (indicating that

4

when an ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo, 383 U.S. at 620.

**Discussion**

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any **substantial gainful activity** by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). An individual is incapable of engaging in "substantial gainful activity" when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A).

The Commissioner evaluates disability insurance and supplemental security income claims with a five-step sequential analysis. 20 C.F.R. §§

5

404.1520(a)(4) and 416.920(a)(4). This analysis requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity,[1] (2) has an impairment, or combination of impairments, that is severe, (3) has an impairment or combination of impairments that meets or equals the requirements of a "listed impairment,"[3] (4) has the "residual functional capacity" to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v). As part of step four, the administrative law judge must determine the claimant's residual functional capacity.[4] 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

Residual functional capacity ("RFC") is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and

---

[1] "Substantial gainful activity" is work that "involves doing significant and productive physical or mental duties" and "is done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510 and 416.910. If the claimant is engaging in "substantial gainful activity", the claimant is not disabled and the sequential evaluation proceeds no further.

[3] A "listed impairment" is one that appears on the Commissioner's Listing of Impairments, which is "a list of impairments presumed severe enough to preclude any gainful work." Sullivan v. Zebley, 493 U.S. 521, 525 (1990). If the claimant has an impairment, or combination of impairments, that meets or equals a listed impairment, the claimant is disabled. If the claimant does not have an impairment or combination of impairments that meets or equals a listed impairment, the sequential evaluation process proceeds to the next step.

[4] If the claimant has the residual functional capacity to do his or her past relevant work, the claimant is not disabled.

continuing basis. See SSR 96-8p, 1996 WL 374184. A regular and continuing basis contemplates full-time employment and is defined as eight hours a day, five days per week or other similar schedule. Id. The residual functional capacity assessment must include a discussion of the individual's abilities. Id.; 20 C.F.R. §§ 404.1545 and 416.945; Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001) (defining residual functional capacity as that which an individual is still able to do despite the limitations caused by his or her impairment(s)).

In the instant case, at step one, the ALJ concluded that the plaintiff had not engaged in substantial gainful activity since February 24, 2012. (R. at 22). At step two of the analysis, the ALJ found that plaintiff has the following severe impairments: degenerative disc disease/degenerative joint disease of the lumbar spine, post surgery. (Id.) The ALJ next concluded that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. at 27).

The ALJ concluded that the plaintiff has the residual functional capacity to perform light work except that she: could only occasionally climb, balance, stoop, kneel, crouch and crawl, but never on ladders; must avoid vibrations and hazards including unprotected heights. (R. at 27). Based upon all of these findings, the ALJ concluded that the plaintiff is capable of performing her past relevant work as a poly bagger and a cashier. (R. at 31). Additionally, other jobs

exist in the national economy that she is capable of performing, including officer helper, ticket salesperson, and information clerk. (R. at 31-32). Accordingly, the ALJ found that the plaintiff is not disabled as defined in the Social Security Act. (R. at 32).

The magistrate judge suggests that the ALJ's analysis is appropriate. The plaintiff, however, objects. She raises two issues in her objections. First, she argues that the magistrate judge's conclusion that the ALJ was justified in finding that plaintiff's obesity and mental impairments were non-severe contravenes the law. Second, plaintiff asserts that the magistrate judge erred in concluding that the ALJ was justified in rejecting the credibility of herself and her husband. We will address these issues separately.

**I. Obesity and mental impairments**

As noted above, the ALJ found that plaintiff had several severe impairments. Plaintiff now argues that she should have also included obesity and mental impairments as severe.

Our analysis is two-fold. First we must determine whether the ailments at issue are "severe" as that term is utilized by social security law. If we find that the ailments are severe, then we must review whether the failure to deem them so was a prejudicial error. After a careful review, we find that the impairments

should have been deemed severe and plaintiff may have been prejudiced by the ALJ failing to find them so.

Under social security law, a "severe impairment" significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic physical work activities include the ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl and handle. 20 C.F.R. § 404.1545(b). An individual's basic mental or non-exertional abilities include the ability to understand, carry out and remember simple instructions, and respond appropriately to supervision, coworkers and work pressures. 20 C.F.R. § 1545(c).

The determination of whether a claimant has any severe impairment that has lasted or is expected to last for a continuous period of at least twelve (12) months, at step two of the sequential evaluation process, is a threshold test. 20 C.F.R. §§ 404.1509 and 404.1520(c). If a claimant does not have any severe impairment or combination of impairments which significantly limits her physical or mental abilities to perform basic work activities that has lasted or is expected to last for a continuous period of at least twelve (12) months, the claimant is "not disabled" and the evaluation process ends at step two. Id.

To qualify for disability at step two, the claimant must have a severe impairment "which significantly limits [the claimant's] physical or mental ability to

do basic work activities[.]" 20 C.F.R. § 404.1520(c). "The step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). Thus, "[a]n impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have 'no more than a minimal effect on an individual's ability to work.'" Id. (quoting SSR 85-28, 1985 WL 56856, at *4).[1]

"Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits at step two." Id. (quoting Bowen v. Yuckert, 482 U.S. 137, 158, (1987) (O'Connor, J., concurring)). If the claimant can present evidence presenting more than a "slight abnormality," the severity requirement is met. Id. Further, any reasonable doubts in step two should be resolved in the claimant's favor. Id. But, a reviewing court should not apply a more stringent standard of review. McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). If the plaintiff cannot prove a severe impairment, disability benefits must be denied.

---

[1] SSR 85-28 states that "[g]reat care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued." 1985 WL 56856, at *4.

10

In McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3d Cir. 2004), the Third Circuit Court of Appeals reiterated that the "burden placed on an applicant at step two is not an exacting one."  Although the social security regulations speak in terms of "severity," the Commissioner has clarified that an applicant need only demonstrate something beyond "a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  Id. (citing SSR 85-28, 1985 WL 56856, at *3).

McCrea instructs that the determination of whether an applicant has met her burden at step two in the sequential analysis should focus upon her evidence.  If such evidence demonstrates that the applicant has "more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue."  McCrea, 370 F.3d at 362; 20 C.F.R. § 404.1520(d)-(f).

We will discuss these impairments separately beginning with obesity.

**A. Obesity**

In the instant case, the ALJ recognized that plaintiff was diagnosed with obesity, but does not find it to be a severe impairment.  The record reveals that in applying for benefits, plaintiff listed her height as 5' 8" and her weight as 240 pounds.  (R. at 208).  Her doctors had told her that her weight was not good for

her diabetes . (R. at 67). Further, they suggested losing weight would help ease her pain. (R. at 68). Additionally, plaintiff's cardiologist indicated that plaintiff's symptoms including shortness of breath, inability to walk across the room or up a flight of stairs, daytime fatigue were not caused by a cardiac condition, but were due, at least in part, to her weight gain. (R. at 759, 764, 766).

In light of the slight burden placed on a social security claimant in establishing a severe impairment and that fact that the plaintiff's obesity causes these difficulties in daily living and affects her other impairments, we find that the ALJ erred in finding that obesity was not a severe impairment.

**B. Mental impairments**

Plaintiff also suffers from depression. The ALJ concluded that plaintiff's depression is not a severe impairment. Plaintiff argues that this is an error. The magistrate judge found that the ALJ's decision was supported by substantial evidence, but in so doing, according to the plaintiff, he excuses the ALJ's failure to consider a large body of evidence from plaintiff's treating psychiatrist and therapist.

The law provides that "[a] single piece of evidence will not satisfy the substantiality test if the Commissioner ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is

overwhelmed by other evidence . . . or if it really constitutes not evidence but mere conclusion." Kent v. Schweiker, 710 F.2d 110,114 (3d Cir. 1983).

Plaintiff has been diagnosed with Major Depressive Disorder, Recurrent, Moderate, Dysthymic Disorder and Anxiety Disorder. (R. at 413). She began treatment at ReDCo Mental Health Center in August 2012, where she complained of mood swings, depression and persistent fatigue. (R. at 412-13). She has been under a therapist's care for anger, paranoia, mood swings and anxiety. (R. at 390-403). She has also been prescribed various medicines for pain, depression and mood swings. (R. at 831, 560). The evidence in support of her mental health claim overwhelms the evidence the ALJ reviewed such as Global Assessment of Function ("GAF")[3] scores, which are of questionable relevance,[4] and mental status examinations showing that plaintiff was not suffering from hallucinations, delusions or suicidal ideations.

---

[3] The GAF score allows a clinician to indicate his judgment of a person's overall psychological, social and occupational functioning, in order to assess the person's mental health illness. *Diagnostic and Statistical Manual of Mental Disorders* 3–32 (4th ed.1994). A GAF score is set within a particular range if either the symptom severity or the level of functioning falls within that range. Id. The score is useful in planning treatment and predicting outcomes. Id.
[4] The law, however, provides that "[a] GAF score does not have a direct correlation to the severity requirements of the Social Security mental disorder listings." Gilroy v. Astrue, 351 Fed.Appx. 714, 715 (3d Cir. 2009)) (citing 66 Fed. Reg. 50764-5 (2000).
Moreover, the latest edition of the DSM recommends that the GAF scoring scale be discontinued. It explained that the GAF scale has a conceptual lack of clarity

13

Thus, the evidence that plaintiff relies on meets the *de minimis* standard for constituting a severe impairment. As such, the ALJ's RFC finding which imposes no limit on plaintiff's social functioning or her concentration, persistence or pace is legally erroneous.

The R&R notes that an ALJ's failure to find a condition severe does not render a decision deficient if the ALJ finds another condition severe and the other condition is considered in formulating the RFC. See Rutherford v. Barnhart, 399 F.3d 546 (3d Cir. 2005). We find, however, that the ALJ did not consider the plaintiff's obesity or mental impairments in any significant way in the analysis after step two. Accordingly, we will remand this case back to the Commissioner for a re-evaluation of plaintiff's claim while including her mental ailments and obesity as severe impairments.

## II. Credibility

Plaintiff also complains that the ALJ improperly weighed her credibility and her husband's credibility. The ALJ should reexamine this testimony, and any

---

and "questionable psychometrics in routine practice." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (FIFTH) at 16. Thus, the latest edition of the American Psychiatric Association's DSM does not contain the GAF scale. It is apparent that GAF scores are of limited value in determining whether an individual is disabled.

new testimony that she may hear, in the light of our ruling above, and set forth sufficient reasoning for whatever level of credibility she provides to the testimony.

**Conclusion**

For the aforementioned reasons, we will remand this case to the Commissioner. The Commissioner is directed to examine, what if any, changes should be made to plaintiff's disability determination based upon her having severe obesity and severe mental impairments as discussed above. An appropriate order follows.

**Date: August 31, 2018**  **BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**